# DECISIONS IN CASES NOT REPORTED.

## FIFTH DEPARTMENT, OCTOBER TERM, 1895.

The Canandaigua Water Works Company, Appellant, v. TheVillage of Canandaigua and Others, Constituting the Board of Water Commissioners of the Village of Canandaigua, Respondents.— Order affirmed, with ten dollars costs and disbursements.

William McLaughlin, Appellant, v. William E. Witherspoon, Respondent.— Judgment and order affirmed.

The Binghamton Trust Company, Appellant, v. Abijah Weston and Others, Respondents.— Judgment affirmed.

Arthur M. Dodge and Others, Appellants, v. Jessie McKechnie, as Survivor, etc., Respondent, Impleaded, etc.— Judgment affirmed, with costs.

Sarah Strong Jones, Respondent, v. The New York Central and Hudson River Railroad Company, Appellant.— Judgment and order affirmed.

William E. Case, Appellant, v. The County of Cayuga and the Board of Supervisors thereof, Respondents.— Judgment affirmed, with costs.

James H. Fisher, Respondent, v. Mary E. Filon and Others, Executors, etc., Appellants.— Judgment affirmed, with costs.— BRADLEY, J.: The testator died in July, 1893. The claim was exhibited to the defendants in December, 1893, and referred in November, 1894. The plaintiff was an attorney and counselor at law. The referee found as facts that in or about 1888 Michael Filon, the testator, retained and employed the plaintiff to invest for him about $20,000 in western mortgages, and promised to pay the plaintiff a reasonable compensation therefor; that the plaintiff did so invest $19,400, and afterwards, from 1888 to the time of the death of the testator, at his request took charge of the collection of the interest on the mortgages, attended to the payment of the taxes and the redemption of the mortgaged lands from tax sales, rendered services and gave advice as attorney and counsel in matters relating to the investments, and conducted voluminous correspondence required in and about the business relating to them, and that his services were reasonably worth $970. The plaintiff presented no claim for any of the services in question to Mr. Filon during his life, and no account of the services was produced, nor was evidence of the value of them in detail given at the trial. It is, therefore, urged that the measure of proof requisite to establish the claim was not furnished by the evidence. It is true that a claim presented against the estate of a deceased person is properly the subject of critical inquiry, and recovery should not be allowed unless it is supported by very satisfactory evidence. (K arney v. McKeon, 85 N. Y. 136.) There is evidence to the effect that the testator employed the plaintiff to make the investments for him and tending to prove that he intended to pay him for the services; that the plaintiff made the investments and attended to the business which followed relating to them. This included the collection of interest and payment of taxes so far as it became necessary for the protection of the mortgage liens upon the property. He gave some attention to the foreclosure of mortgages and conducted quite an extensive correspondence in and about the business. The only evidence of the value of the services was that given in bulk by the plaintiff. This evidence did not embrace within its import any personal transactions with the decedent. The exception to its reception was not well taken. The statement of claim as exhibited to the defendants is in terms quite general. It did not very definitely advise them of the nature of the legal services otherwise than that they related to the matters of the investments. All the services which the evidence tended to prove were performed had that relation. They, therefore, came within the import of the statement of claim. It does not appear that the defendants required the exhibition to them of a more specific statement of the plaintiff's claim. There was no error in the denial of the motions made at the close of the evidence to strike out that given in relation to the services of the plaintiff. The fact which the defendants sought to prove, that the plaintiff received payment by way of commission from the western companies, through which some of the investments for Filon were made, would, if established, present a serious objection to his claim for services in making the investments. But the evidence, as the referee held, failed satisfactorily to show that the plaintiff had any relation in the business to those companies inconsistent with his relation to Mr. Filon in the performance for him of such services. The contention that the recovery was partially barred by the Statute of Limitations is answered by the statute, which excludes eighteen months from the time within which an action may be commenced against the personal representatives of a deceased person against whom a cause of action exists at the time of his death. (Code Civ. Proc. § 403.) The evidence relating to the matter of the plaintiff's claim for services and to the value of them presented questions of fact within the province of the referee to determine, and his conclusion is fairly supported by the evidence. There was no error in the rulings at the trial. The judgment should be affirmed. Lewis and Ward, JJ., concurred.

Samuel Zurich, Respondent, v. Thomas Mills and Another, Appellants. — Judgment of County Court affirmed.

The Market and Fulton National Bank of New York and Another, Appellants, v. Thomas Jones and Others, Respondents.—Judgment affirmed, with costs.

Ferdinand A. Trippansee, Respondent, v. The New York Central and Hudson River Railroad Company, Appellant.— Judgment and order affirmed.

Francis J. Hamilton, as General Assignee, etc., Respondent, v. George A. Lee and Another, Appellants.— Order affirmed, with ten dollars costs and disbursements.

Alfred B. Osgoodby, Respondent, v. Edward P. Mills, Appellant.— Order affirmed, without costs.

Christopher Smith and Mary Jane Smith, Appellants, v. The City of Buffalo, Respondent.— Judgment affirmed, without costs. Ward, J., not sitting. No opinion.

Elizabeth Carman as Executrix, etc., Appellant, v. The Lehigh Valley Railroad Company, Respondent.— Order affirmed.

Millicent U. Wiss, Respondent, v. Buffalo,