WARSAW WATERWORKS CO. v. VILLAGE OF WARSAW et al.

(Supreme Court, Appellate Division, Fourth Department. April 10, 1897.)

1. CORPORATIONS—WATERWORKS FRANCHISE—EXCLUSIVE PRIVILEGE.
    Const. 1846, art. 8, provided that corporations should not be created by special act except for municipal purposes, and in cases where the object of the corporation could not be obtained under the general laws. It also provided that all special acts passed pursuant to this article might be altered or repealed. Laws 1869, c. 394, incorporated plaintiff as a waterworks company, to furnish water for fire and other purposes to defendant village. Held, that no exclusive privilege was granted plaintiff, and therefore that an act authorizing defendant to construct a water system of its own (Laws 1875, c. 181) was constitutional.

2. MUNICIPAL CORPORATIONS—EMINENT DOMAIN—RIGHT TO EXERCISE.
    Laws 1869, c. 394, incorporated plaintiff as a waterworks company, and gave it privileges in defendant village. Laws 1875, c. 181, authorized defendant to construct a system of municipal waterworks. Section 22 authorized its board of water commissioners to examine plaintiff's privileges and properties, and, if it "shall determine that such works, rights, privileges, and properties are necessary for the purposes of this act," then

the right to acquire by proper proceedings such properties. *Held*, that the commissioners were under no duty to determine that plaintiff's privileges and properties were necessary, or to institute proceedings to acquire them.

Appeal from trial term, Wyoming county.

Action by the Warsaw Waterworks Company against the village of Warsaw and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

The trial judge found as a conclusion of law: "That at the time the defendants constructed their system of waterworks in the village of Warsaw, and at the time of the commencement of this action, they were entitled to establish and maintain a system of waterworks in and for said village, under chapter 181 of the Laws of 1875, and the acts amendatory thereof and supplemental thereto, without purchasing and acquiring the rights, privileges, and franchises of the plaintiff." When the action was commenced, a preliminary injunction was obtained restraining the defendants from constructing and maintaining their waterworks. The injunction order was dissolved, and an appeal was taken to this court from the order dissolving the injunction, and this court refused to restore the injunction, and affirmed the order, as appears by the opinion delivered on that occasion, reported in 4 App. Div. 509, 40 N. Y. Supp. 28. Plaintiff is a domestic corporation in virtue of chapter 394 of the Laws of 1869. The village of Warsaw is a municipal corporation, having been incorporated March 17, 1870, and several acts have been passed amendatory of its charter. The other defendants are its board of trustees, who were acting as a board of water commissioners by virtue of the authority contained in chapter 181 of the Laws of 1875. The act under which the plaintiff was incorporated authorized the plaintiff to acquire, by purchase and otherwise, title to lands; to lay pipes and other structures in the public streets of the village; and vested in the trustees of the village the power of regulating the manner in which said pipes and structures shall be laid, and authorized the trustees of the village to subscribe for not to exceed $3,000 of the capital stock of the plaintiff, when authorized by a special election of the electors. Such an election was held, and a subscription was made of $3,000 by the village. It was provided in section 16 of the act incorporating the plaintiff, viz.: "The said company shall furnish water to the trustees of the said village for extinguishing fires, and other purposes, as may be agreed upon between the said trustees and the said company." Laws 1869, c. 394. Hydrants were attached to the plaintiff's mains in several different streets of the village, and the compensation for furnishing water to the village for fire protection was regulated by contract previous to July 1, 1894. The trustees of the village refused to enter into any further written contract, and about the 1st of July, 1895, the trustees of the village declined to take water from the plaintiff for any specified time. Thereupon the plaintiff denied any authority in the board of trustees to deprive the plaintiff of the privilege of furnishing water for fire protection, and the plaintiff claims that without such privilege of furnishing water for fire purposes and for the purpose of supplying dwellings upon the streets, the franchise of the plaintiff would be rendered of little or no value; and that since the construction of the defendants' works the receipts of the plaintiff have been diminished from $6,000 to less than $1,000 per year. The answer of the defendants, while admitting that it was the duty of the plaintiff to furnish water to the trustees of the village for extinguishing fires and other purposes as might be agreed upon between the trustees, alleged that for several years the plaintiff failed to furnish to the village, or the inhabitants, pure and wholesome water in a sufficient quantity, and that it wholly failed during all of the time to furnish a sufficient supply or force of water for fire protection, and thereby violated its duty and obligations imposed upon it by its charter.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Eugene M. Bartlett, for appellant.
I. Sam Johnson, for respondents.

HARDIN, P. J. In chapter 394 of the Laws of 1869, incorporating the plaintiff, no exclusive privilege is, in terms, conferred upon the corporation there created to supply the village or its citizens with water. Power v. Village of Athens, 99 N. Y. 592, 2 N. E. 609; Syracuse Water Co. v. City of Syracuse, 116 N. Y. 167, 22 N. E. 381; In re City of Brooklyn, 143 N. Y. 596, 38 N. E. 983; Water Co. v. Easton, 121 U. S. 388, 7 Sup. Ct. 916; Colby University v. Village of Canandaigua, 69 Fed. 671; New Orleans Gaslight Co. v. Louisiana Light & Heat Producing & Manuf'g Co., 115 U. S. 650, 6 Sup. Ct. 252; Louisville Gas Co. v. Citizens' Gaslight Co., 115 U. S. 683, 6 Sup. Ct. 265. Article 8 of the constitution of 1846 provided that corporations should not be created by special act "except for municipal purposes, and in cases where, in the judgment of the legislature the object of the corporation cannot be obtained under general laws." It also provided, viz.: "All general laws and special acts, passed pursuant to this section, may be altered from time to time or repealed." It must be assumed that the act incorporating the plaintiff, having been passed in 1869, was subject to the provisions alluded to found in the constitution of 1846. We think the contention of the appellant that chapter 181 of the Laws of 1875, authorizing the municipality to construct a system of new waterworks in the village of Warsaw without acquiring plaintiff's system, is unconstitutional and void, cannot be sustained.

Nor do we think that section 22 of the act of 1875 imposes an imperative duty upon the board of water commissioners to institute proceedings to acquire the "rights, privileges, grants, and properties" of the plaintiff. The section seems to contemplate that, if it shall become necessary, or be deemed necessary by the board of water commissioners, that such rights, privileges, grants, and properties are required "for any of the purposes" of the act of 1875, then the power is conferred "to make, or cause to be made, a thorough examination of the works, rights, privileges, and properties owned or held by such corporation." Subsequent or concurrent with such examination, if the commissioners "shall determine that such works, rights, privileges, and properties are necessary for the purposes of this act," then power and right to make application to the supreme court in proceedings to acquire the property by the appointment of commissioners is conferred. A somewhat similar power was conferred by sections 26 and 29 of chapter 224 of the Laws of 1849,—being the act to incorporate the Syracuse City Waterworks Company; and in speaking of those sections, Bradley, J., at page 187 of 116 N. Y., and page 386 of 22 N. E., said, viz.:

"It is, however, urged that the city can avail itself of no means, other than through the plaintiff, to obtain any water supply except by resuming and taking its property and powers in the manner prescribed in one of the sections 26 and 29 of the plaintiff's charter, to which reference has already been made. It appears that those provisions were inserted in the charter at the suggestion or request of the common council of the city. And that was evidently done to enable it, in the event referred to in the one, and on the expiration of the time mentioned in the other, section, if the interest of the city should require it, to take the matter of its water supply into its own management and control. It is not seen that this right, reserved to the city, has any essential bearing

upon the question of the construction of the grant to the plaintiff. It simply gave the city the opportunity, in the events provided, to become possessed of the property which should constitute the plant of the plaintiff, and be applied: to the service of furnishing water to the city. This right was not made a legal duty, upon the performance of which was dependent the power to use means other than through the plaintiff to obtain further means of water supply for the city. It was a privilege merely, which it might or might not exercise at pleasure. But the franchise granted to the plaintiff, and the property united with it, constitute its estate, and which it holds subject to the reserved right of the city to acquire it in the manner so provided by the charter."

In the case in hand we think the water commissioners of the village were not obliged to determine to acquire the rights of the plaintiff, or to determine that they were necessary. It is inferable that the water commissioners deemed and determined that the rights, privileges, and franchises of the plaintiff were not necessary, and that it was not expedient to acquire them. Canandaigua Waterworks Co. v. Village of Canandaigua, opinion of Rumsey, J., affirmed in the general term, 35 N. Y. Supp. 1104. We have looked at the opinion delivered by Dean, J., in the supreme court of Pennsylvania in White v. City of Meadville, 35 Atl. 695, and we find that the statutes referred to in that opinion are quite unlike those that are applicable to the case in hand. We think that case is quite unlike the one before us, and we ought not to allow the doctrine stated in the opinion to lead us to disregard the principles laid down in the opinion of Bradley, J., in Syracuse Water Co. v. City of Syracuse, supra. The conclusion reached in the court below should be sustained.

Judgment affirmed, with costs. All concur, except WARD, J., not voting.