RECONSTRUCTION FINANCE CORPORATION, Respondent, v. EASTERN TERRA COTTA REALTY CORPORATION et al., Appellants, et al., Defendants.

Second Department, May 10, 1943.

*Herman A. Benjamin* for appellants.

*Sol A. Liebman* and *George H. Feirberg* for respondent.

HAGARTY, J. Plaintiff loaned to defendant Eastern Terra Cotta Company, hereinafter referred to as Terra Cotta, the sum of $150,000, payment of which was secured, in part, by the pledge by Terra Cotta, as owner, of all the shares of the capital stock of defendant Eastern Terra Cotta Realty Corporation, hereinafter referred to as Realty Corporation, a domestic corporation. Thereafter, Realty Corporation, by one Dalton, as its president, conveyed its sole asset, a parcel of realty, to Terra Cotta, of which Dalton also is president. The effect of the conveyance, if upheld, is to render the pledged shares of stock worthless as security. The foregoing facts, alleged in the complaint, are admitted, and plaintiff, also alleging lack of consideration and fraud, seeks judgment enjoining conveyance of the property by either defendant and vacating the conveyance.

The defense in question invokes section 16 of the Stock Corporation Law, which provides that a stock corporation shall have power to borrow money for fulfillment of its corporate purposes, and may mortgage its property to secure payment of its obligations, upon consent of the holders of " not less than two-thirds of the total number of shares outstanding entitled to vote thereon." Appellants allege that the pledge is void for the reason that the stockholders of Terra Cotta did not consent to it as required by the statute.

The defense is insufficient. It is alleged in the answer that Terra Cotta is a New Jersey corporation. The term " stock corporation," as used in the Stock Corporation Law, refers to domestic corporations, and our statutes regulating corporations are inapplicable to foreign corporations. (*Vanderpoel* v. *Gorman,* 140 N. Y. 563; *Muck* v. *Hitchcock,* 212 N. Y. 283; *Armstrong* v. *Dyer,* 268 N. Y. 671; *Ernst* v. *Rutherford & B. S. Gas Co.,* 38 App. Div. 388, 392.) There is no presumption that the law of the State of New Jersey on this subject is the same as

that of the State of New York, as contended by appellants. The presumption is that the common law of States and countries which adopted the common law of England is the same as our own, for it originated at the same source. (*Smith* v. *Compania Litografica De La Habana,* 127 Misc. 508, 512, affd. on opinion below, 220 App. Div. 782.) The presumption, however, does not apply to statutory law. (*Vanderpoel* v. *Gorman, supra,* p. 568.) Under the common law of this State, a corporate mortgage was valid without the consent of stockholders. (*DeRuyter* v. *St. Peter's Church,* 3 N. Y. 238; *Market & Fulton National Bank* v. *Jones,* 7 Misc. 207, affd. 90 Hun, 605.)

Further, it is contended that section 16 of the Stock Corporation Law became operative by express provision in the pledge agreement, which is annexed to the answer, *viz:* '' This Pledge Agreement shall be governed and construed according to the laws of the State of New York.'' But the intention of the parties to enter into a binding agreement is inherent in the instrument. The pertinent provision should be construed accordingly. It immediately follows a provision that, upon default by the pledgor, the pledgee may declare the note to be due and payable; and is limited, in its application, to the available remedies in the event of nonpayment. In any event, the statute concerns itself with a mortgage and not with a pledge. The distinction between mortgages and pledges is made in *People* v. *Remington & Sons* (59 Hun 282, affd. on opinion below, 126 N. Y. 654) and *People* v. *Scudder* (177 App. Div. 225, affd. 221 N. Y. 670). The statute, being in derogation of common law, cannot be construed to comprehend a pledge.

The order and judgment should be affirmed, with ten dollars costs and disbursements.

Present — CLOSE, P. J., HAGARTY, CARSWELL, JOHNSTON and TAYLOR, JJ.

Order and judgment unanimously affirmed, with ten dollars costs and disbursements.