■ ANTHONY POPE, JR., Appellant, v EDWARD V. HALLORAN, Respondent. —Order, Supreme Court, New York County, entered December 24, 1979, granting summary judgment dismissing the complaint, and denying plaintiff's motion for summary judgment and other relief, is affirmed, with costs to defendant-respondent. In the present action, plaintiff, claiming to be a former employee of the corporation De Pasquale Brothers, Inc., seeks to hold defendant Halloran liable for alleged unpaid wages and commissions under section 630 of the Business Corporation Law. That statute makes the 10 largest shareholders of a corporation liable for all such wages or salaries. However, the statute provides: "Before such laborer, servant or employee shall charge such shareholder for such services, he shall give notice in writing to such shareholder that he intends to hold him liable under this section. Such notice shall be given within ninety days after termination of such services". The only notice given by plaintiff to defendant is a notice dated February 14, 1977 of a "breach of contract action by Anthony Pope, Jr. [plaintiff] against yourself and others." Indeed, at or about that time plaintiff began an action against defendant and the corporation for a breach of contract. We cannot agree with the dissent's interpretation of the complaint in that action as putting defendant Halloran on notice that plaintiff intended to hold him liable as a shareholder of the corporation rather than as a contracting party. Neither the notice of February 14, 1977 nor the earlier complaint is in any sense adequate as notice that plaintiff intended to hold defendant liable for the liability imposed by section 630 of the Business Corporation Law. The time to give such notice has long since expired. The defect is fatal. Concur—Fein, J. P., Silverman and Bloom, JJ.

Sullivan and Lupiano, JJ., dissent in a memorandum by Lupiano, J., as follows: Plaintiff was employed by De Pasquale Bros., Inc., from September 16, 1976 until January 7, 1977, at which time his employment was terminated on nine days' notice by the employer, without affording to plaintiff the contractual provision requiring the giving of three months' notice of intention to terminate. Plaintiff retained counsel, who on or about February 14, 1977, sent a letter to Edward V. Halloran, defendant herein, informing him of the retention of counsel in connection with the "breach of contract action by [plaintiff] against yourself and others." Concomitantly with the letter, a summons and *verified* complaint was served upon said defendant in an action entitled *"Anthony Pope, Jr. (plaintiff herein) v. Edward V. Halloran and DePasquale Bros., Inc."* Said verified complaint refers to Halloran as the majority shareholder and controlling party of the corporate defendant

De Pasquale Bros., Inc., and sets forth plaintiff's claim for commissions due and for damages for breach of the employment contract arising from the failure to give the required three months' notice. Plaintiff, by virtue of the aforesaid attorney's letter and the service of the verified complaint upon Halloran, thereby informed the latter that plaintiff intended to hold Halloran accountable for the damages sustained by virtue of the breach of the employment agreement. This prior action resulted in a judgment in plaintiff's favor against his corporate employer De Pasquale Brothers, Inc., in the amount of $6,960 for damages arising from the failure to give the three months' notice, $969.81 for commissions due and for $1,032.20 in interest and $1,577.25 representing costs and disbursements (total $10,539.26). The action was dismissed as to defendant Halloran, the court opining that the evidence against said defendant was insufficient to pierce the corporate veil and that judgment pursuant to section 630 of the Business Corporation Law was not warranted in the absence of a final, unsatisfied judgment against De Pasquale Brothers, Inc. Now having obtained a final judgment against De Pasquale Brothers, Inc., and having been unable to obtain satisfaction of that judgment, plaintiff commenced the instant suit seeking to affix liability for that judgment upon defendant Halloran pursuant to section 630 of the Business Corporation Law. That section, in pertinent part, provides, in subdivision (a) that "The ten largest shareholders * * * of every corporation, the shares of which are not listed on a national securities exchange or regularly quoted in an over-the-counter market by one or more members of a national or an affiliated securities association, shall jointly and severally be personally liable for all debts, wages or salaries due and owing to any of its laborers, servants or employees * * * for services performed by them for such corporation." At the outset, it is noted that the amount of the judgment obtained against De Pasquale Brothers, Inc., in the sum of $6,960 is not for wages due plaintiff for services rendered by plaintiff (see Business Corporation Law, § 630, subd [b]), but is for damages in the amount of wages plaintiff would have earned, i.e., would have rendered services for, but for the termination of plaintiff's employment with only nine days' notice instead of the contractually required three months' notice. Thus, it is clear that from the prior judgment must be excluded the sum of $6,960 and the interest attributable thereto, as these figures are in no manner connected with or arise from plaintiff's having actually rendered service to his corporate employer. Subdivision (a) of section 630 of the Business Corporation Law requires that "Before such * * * employee shall charge such shareholder for such services, he shall give notice in writing to such shareholder *that he intends to hold him liable* under this section", i.e., that he intends to hold such shareholder responsible for all debts, wages or salaries due and owing to such employee for services performed. Plaintiff (insofar as his claim for commissions is concerned) endeavored to "shortcut" the procedural steps delineated in section 630 of the Business Corporation Law by immediately instituting suit against his corporate employer and its largest (sole) stockholder without initiating suit against the corporate employer alone, serving notice as required under section 630 of the Business Corporation Law on the shareholder sought to be held responsible in the event of unsatisfied judgment against the corporate employer, and upon the happening of the latter circumstance, commencing suit against such shareholder pursuant to the notice. Under these circumstances, the critical question is whether sufficient written notice has been timely given to the shareholder as required by section 630 of the Business Corporation Law. The majority in effect restrict themselves solely to consideration of the plaintiff's attorney's

letter of February 14, 1977 and conclude that such letter of itself is not sufficient notice under section 630 of the Business Corporation Law. I agree. However, the letter is not the only form of written notice but was issued in conjunction with and is inextricably bound up with service upon the defendant Halloran, the shareholder, of the verified complaint in the prior action against plaintiff's corporate employer De Pasquale Brothers, Inc., and Halloran. The verified complaint clearly states and puts the shareholder Halloran on notice that plaintiff intends to hold him liable as a shareholder of De Pasquale Brothers, Inc., for all debts, salaries and wages due and owing to plaintiff from his corporate employer and sets forth the amount claimed. The only thing missing from the letter and the complaint, which is verified (i.e., signed by the plaintiff employee), is a specific reference to section 630 of the Business Corporation Law. Is this fatal? I think not. To so hold would be to exalt form over substance and frustrate the very purpose which section 630 of the Business Corporation Law is intended to accomplish. As aptly stated by the Court of Appeals in *Card v Groesbeck* (204 NY 301, 308) when confronting section 57 of the Stock Corporation Law, the predecessor of section 71 of the Stock Corporation Law (in turn the predecessor of section 630 of the Business Corporation Law): "Ordinarily statutory remedies must be strictly pursued. We are not disposed, however, in this case to adhere to the strict letter of the statute, but we must observe the spirit and intent of the legislature in adopting it". Patently, one of the prime purposes of the notice under section 630 of the Business Corporation Law is to enable the shareholder(s) to take prompt measure to compel payment or to protect his (their) interest. This opportunity was clearly afforded to defendant Halloran by the letter and the concomitant service of the complaint. Obviously, defendant shareholder Halloran did not and did not intend to, utilize his control over the destiny of his corporation to compel payment. Therefore, we are not constrained to search out technical error so as to frustrate plaintiff's suit under section 630 of the Business Corporation Law. Defendant Halloran endeavors to avoid fixing the liability to him under section 630 of the Business Corporation Law on the ground that he is not a shareholder in De Pasquale Brothers, Inc. It appears that originally Halloran personally owned one third of the shareholdings in De Pasquale. Subsequently, he formed a close corporation, Waterside Enterprises, Ltd. He admitted that he is the owner of Waterside Enterprises, Ltd., which corporation now owns *all* of the shares of De Pasquale Brothers, Inc. Thus, defendant endeavors to hide behind the corporate veil of Waterside, contending that Waterside only is the shareholder within contemplation of section 630 of the Business Corporation Law. Such contention is without merit and must be rejected. Section 630's predecessor statute, section 71 of the Stock Corporation Law was not restricted in its scope to the 10 largest shareholders, but was applicable to all shareholders. It is the shareholders who *own* the corporation, and by virtue of that ownership may be said to control. The element of control is further heightened by the amendment to Stock Corporation Law introduced by section 630 of the Business Corporation Law, to wit, most particularly, restricting its application to nonpublic (i.e., basically close) corporations and to the 10 shareholders most in control (i.e., the 10 largest shareholders). In essence, Waterside was merely the corporate agent or conduit through which defendant exercised his control of De Pasquale Brothers, Inc. Make no mistake, control is the key. The equitable considerations underlying section 630 of the Business Corporation Law and its precedessors are heightened by the fact that we are confronted, in essence, with the classic one-man close corporation. Halloran owns

Waterside Enterprises, Ltd., which in turn owns De Pasquale Brothers, Inc. Ergo, Halloran effectively and solely controls De Pasquale Brothers, Inc. Accordingly, on the issue of liability, insofar as the commissions due plaintiff are concerned, plaintiff is entitled to summary judgment and defendant is entitled to summary judgment dismissing the plaintiff's claim based on damages for breach of contract. Calculation of the amount thus owed plaintiff by virtue of the unsatisfied judgment against De Pasquale Brothers, Inc., is best reserved for inquest. The order of the Supreme Court, New York County, entered on December 24, 1979, which denied plaintiff's motion for summary judgment and granted defendant summary judgment dismissing the complaint upon finding that plaintiff did not give sufficient notice of his intent to hold defendant liable under section 630, should be modified, on the law, to the extent of granting plaintiff partial summary judgment as to liability for the unpaid commissions embraced within the final unsatisfied judgment and granting to defendant partial summary judgment dismissing the complaint insofar as it seeks to recover for the damages sustained by plaintiff for breach of the three months' notice of termination provision of the employment contract embraced within the final unsatisfied judgment, and the matter should be remanded for an inquest to determine the amount thus owing to plaintiff, and, as so modified, the order shall be affirmed.