■ TERRY L. BEAM et al., Plaintiffs, and WILLIAM C. HOLCOMB, Appellant-Respondent, v KEY VENTURE CAPITAL CORPORATION, Respondent-Appellant.—Mahoney, P. J. Cross appeals from an order of the Supreme Court (Prior, Jr., J.), entered February 11, 1988 in Albany County, which partially granted defendant's motion to dismiss the complaint.

PlayNet, Inc. allegedly terminated the services of one of its employees, plaintiff William C. Holcomb (hereinafter plaintiff), on April 5, 1985. At that time, PlayNet allegedly was indebted to plaintiff for past-due wages and salary in an amount in excess of $50,000. Thereafter, plaintiff entered into extended negotiations with PlayNet which culminated in a settlement in November 1985. Following a payment made January 2, 1986, PlayNet apparently failed to continue payments to plaintiff toward satisfaction of its debt.

In March 1986 PlayNet filed for reorganization pursuant to chapter 11 of the Federal Bankruptcy Act. On May 21, 1986 plaintiff gave notice to defendant, one of the 10 largest shareholders of PlayNet, of his intent to hold defendant liable pursuant to Business Corporation Law § 630 for the amount PlayNet owed him for services rendered. In June 1987 plaintiff and four other former employees of PlayNet commenced this action against defendant. In lieu of answering, defendant moved to dismiss the complaint in its entirety and, as to plaintiff, based its motion on plaintiff's failure to give timely notice to defendant as required by Business Corporation Law § 630. The motion was partially granted to the extent of dismissing plaintiff's action. This appeal by plaintiff ensued. Defendant's cross appeal has been abandoned.

While Business Corporation Law § 630 provides, in pertinent part, that the 10 largest shareholders shall jointly and severally be personally liable for debts owing to its employees for services rendered, such liability is conditioned on the explicit statutory directive: "Before such laborer, servant or employee shall charge such shareholder for such services, he shall give notice in writing to such shareholder that he intends to hold him liable under this section. Such notice shall be given within one hundred and eighty days after termination of such services" (Business Corporation Law § 630 [a]). Here, plaintiff's notice of intent is dated May 21, 1986 and clearly states, "Services of the undersigned for [PlayNet] were

terminated on the 5th day of April, 1985." In the absence of any proof that the termination and subsequent notice occurred on any other dates, plaintiff's notice failed to satisfy the 180-day limitation period specified in Business Corporation Law § 630. Accordingly, plaintiff's complaint was properly dismissed (see, Doyon v Bascom, 38 AD2d 645).

Plaintiff's argument, that the negotiations with PlayNet that resulted in a settlement in November 1985 led him to believe to his detriment that suit against defendant would not be necessary, and that defendant should therefore be estopped from raising his failure to serve a notice of intent within 180 days of termination as a defense, is without merit. The doctrine of equitable estoppel requires proof that a defendant made actual misrepresentations or committed some affirmative wrongdoing that the plaintiff relied on to delay commencement of a timely action (Powers Mercantile Corp. v Feinberg, 109 AD2d 117, 122, affd 67 NY2d 981). There is no proof in this record that defendant, by resort to settlement negotiations, intended to lull plaintiff into refraining from giving a timely notice of intent within 180 days of termination. In any event, every evidentiary indication in the record is that the settlement negotiations were between plaintiff and PlayNet without any involvement by defendant, which therefore cannot be bound by any equitable estoppel assertable against PlayNet (see, 57 NY Jur 2d, Estoppel, Ratification, and Waiver, § 64).

Order affirmed, with costs to defendant. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Mercure, JJ., concur.