■ MARION LAVIGNE et al., Respondents, v HAROLD FEINBLOOM et al., Appellants, et al., Defendant. (Appeal No. 1.) [680

NYS2d 348] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied defendants' motion to dismiss the complaint. We reject defendants' contention that Business Corporation Law § 630 (a) does not apply. On a motion to dismiss, the allegations in the complaint must be deemed true, and plaintiffs must be afforded all favorable inferences that may be drawn from the complaint (*see, Underpinning & Found. Constructors v Chase Manhattan Bank,* 46 NY2d 459, 462). In December 1989 Health Information Technologies, Inc. filed a certificate of incorporation in New York State, and in May 1994 it merged with its Delaware counterpart and became a Delaware corporation. Plaintiffs' claim for compensation for labor and services begins in December 1993 and continues through May 2, 1994, the date of the merger. The complaint therefore states a cause of action pursuant to Business Corporation Law § 630 (a); plaintiffs seek compensation for labor and services performed before the merger, and the merger did not extinguish defendants' alleged liability for that compensation.

We also reject defendants' contention that Business Corporation Law § 906 (b) (3) does not apply. The Court of Appeals has held that Business Corporation Law § 906 (b) (3) does not apply to the stockholders of a foreign corporation where the foreign corporation was doing business in New York, the services of the employee were rendered in New York and the contract of employment was entered into in New York (*see, Armstrong v Dyer,* 268 NY 671, 672). Here, however, defendants did not become stockholders of the foreign corporation until May 2, 1994, after plaintiffs' above-stated claims for wages had already accrued. (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Dismiss Pleading.) Present—Green, J. P., Lawton, Callahan, Balio and Fallon, JJ.