[888 NYS2d 872]

CHRISTINE M. STUTO, Plaintiff, v GREGORY G. KERBER et al., Defendants.

Supreme Court, Albany County, October 20, 2009

## APPEARANCES OF COUNSEL

*Stockli Greene Slevin & Peters, LLP*, Albany (*John D. Hoggan, Jr.* of counsel), for William J. McNeary III and others, defendants. *Cooper Erving & Savage LLP*, Albany (*Phillip G. Steck* of counsel), for plaintiff.

## OPINION OF THE COURT

RICHARD M. PLATKIN, J.

Defendants William J. McNeary III, William J. McNeary IV and Jamie Jayko move pursuant to CPLR 3211 (a) (7) seeking dismissal of the sole cause of action asserted against them: a claim brought pursuant to Business Corporation Law § 630, which imposes personal liability upon the 10 largest shareholders of a closely held corporation for unpaid wages due to employees. Plaintiff opposes the motion.

Wurld Media, Inc. (Wurld Media or the company) is a defunct Delaware corporation that maintained a place of business in the County of Saratoga. Plaintiff was both an employee and a shareholder in the company. In or about February 2009, plaintiff obtained a judgment against the company for unpaid wages in the amount of $99,918.38. In her complaint, plaintiff alleges a cause of action under Business Corporation Law § 630, seeking to hold the company's 10 largest shareholders, including the three movants, personally liable for the unpaid wages that are the subject of such judgment.

In moving to dismiss this cause of action, movants argue that the foregoing statute is limited to closely held corporations formed under the laws of New York State. Plaintiff disagrees, contending that the statute applies to foreign corporations such as Wurld Media.

Business Corporation Law § 630 recites, in pertinent part:

"(a) The ten largest shareholders, as determined by the fair value of their beneficial interest as of the beginning of the period during which the unpaid services referred to in this section are performed, of every corporation (other than an investment company registered as such under an act of congress entitled 'Investment Company Act of 1940'), no shares of which are listed on a national securities exchange or regularly quoted in an over-the-counter market by one or more members of a national or an affiliated securities association, shall jointly and severally be person-

ally liable for all debts, wages or salaries due and owing to any of its laborers, servants or employees other than contractors, for services performed by them for such corporation."

Thus, Business Corporation Law § 630 operates, in effect, to "pierce the corporate veil" and impose personal liability against corporate shareholders for the debts of their corporation (*see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122 [2d Dept 2009]). The statute therefore constitutes an exception to the general rule "that a corporation exists independently of its owners, who are not personally liable for its obligations, and that individuals may incorporate for the express purpose of limiting their liability" (*id.* at 126; *Bartle v Home Owners Coop.*, 309 NY 103, 106 [1955]). It has been held that a statute such as Business Corporation Law § 630, "being penal in its nature, should receive a strict construction by the courts and if there is any reasonable doubt as to its application . . . the defendant is entitled to its benefit" (*Bristor v Smith*, 158 NY 157, 158-159 [1899]).

In *Armstrong v Dyer* (268 NY 671 [1935]), the Court of Appeals interpreted Stock Corporation Law § 71, a precursor to Business Corporation Law § 630, as applying only to New York corporations. Subsequent judicial decisions have continued to describe Business Corporation Law § 630 as imposing personal liability upon the 10 largest shareholders of closely held *New York* corporations (*see e.g. Sasso v Vachris*, 66 NY2d 28, 31 [1985]; *Romney v Cai*, 1996 WL 331184 [ED NY 1996]). More recently, in *LaVigne v Feinbloom* (255 AD2d 896 [4th Dept 1998]), the Appellate Division, Fourth Department, implicitly acknowledged the distinction between domestic and foreign corporations under Business Corporation Law § 630 in declining to dismiss a cause of action against shareholders of a New York corporation for unpaid wages where such claim had accrued prior to the company becoming a Delaware corporation through merger.

Nonetheless, plaintiff contends that *Armstrong* can offer no guidance as the "former Stock Corporation Law . . . unlike the Business Corporation Law did not apply to foreign corporations." Plaintiff further notes that the *LaVigne* Court relied upon *Armstrong* and, in any event, was not called to pass on a claim brought pursuant to Business Corporation Law § 630 against a foreign corporation.

The starting point in any question of statutory construction is, of course, the plain language of the Legislature's enactment. The text of Business Corporation Law § 630 (a) imposes personal liability on the 10 largest shareholders of "every corporation." From this, plaintiff argues that the statute applied to both domestic and foreign corporations, relying on Business Corporation Law § 103 (a), which states that "[the Business Corporation Law] applies to every domestic corporation and to every foreign corporation which is authorized or does business in this state."

While plaintiff correctly observes that the Business Corporation Law applies to foreign corporations doing business in the state, this argument fails to take into account the effect of Business Corporation Law § 102 (a) (4), which defines the term "[c]orporation" as "a corporation for profit formed under [the Business Corporation Law]." This is to be distinguished from a "foreign corporation," which is defined as "a corporation for profit formed under laws other than the statutes of this state" (*id.* para [7]). Thus, while the Business Corporation Law applies to both domestic and foreign corporations, the use of the term "corporation" in Business Corporation Law § 630 plainly limits its ambit to domestic corporations.

Further support for this conclusion is apparent from the text and structure of article 13 of the Business Corporation Law. In addition to establishing the process by which a foreign corporation may become authorized to do business within the state, article 13 establishes certain specific powers, duties and liabilities of foreign corporations. Section 1319 of article 13 then goes on to provide as follows:

> "§ 1319. Applicability of other provisions
>
> "(a) In addition to articles 1 (Short title; definitions; application; certificates; miscellaneous) and 3 (Corporate name and service of process) and the other sections of article 13, the following provisions, to the extent provided therein, shall apply to a foreign corporation doing business in this state, its directors, officers and shareholders:
>
> "(1) Section 623 (Procedure to enforce shareholder's right to receive payment for shares).
>
> "(2) Section 626 (Shareholders' derivative action brought in the right of the corporation to procure a judgment in its favor).
>
> "(3) Section 627 (Security for expenses in sharehold-

ers' derivative action brought in the right of the corporation to procure a judgment in its favor).

"(4) Sections 721 (Exclusivity of statutory provisions for indemnification of directors and officers) through 727 (Insurance for indemnification of directors and officers), inclusive.

"(5) Section 808 (Reorganization under act of congress).

"(6) Section 907 (Merger or consolidation of domestic and foreign corporations)."

Thus, section 1319 expressly enumerates the provisions of the Business Corporation Law, other than article 13, that are applicable to foreign corporations. To similar effect is section 1318, which makes certain disclosure provisions of article 5 of the Business Corporation Law applicable to foreign corporations. Under plaintiff's reading of the Business Corporation Law, these sections would be mere surplusage. And noticeably absent from these statutes is any reference to Business Corporation Law § 630. Indeed, section 1319 makes other provisions of article 6 applicable to foreign corporations, but not Business Corporation Law § 630. All of this strongly confirms that Business Corporation Law § 630, read in light of the definition of "corporation" set forth in Business Corporation Law § 102 (a) (4), applies only to domestic corporations.

And contrary to plaintiff's contention, nothing in Business Corporation Law § 1320 alters this conclusion. That statute exempts nationally listed foreign corporations and foreign corporations that do only a small percentage of their business within the state from certain provisions of article 13 that would otherwise be applicable to foreign corporations. Since section 1320 merely limits the operation of other provisions of article 13, there is no reason why Business Corporation Law § 630, a statute applicable only to domestic corporations, would be included therein.

Thus, the text and structure of the Business Corporation Law confirm the continuing vitality of the Court of Appeals decision almost 75 years ago in *Armstrong*. As the court is satisfied that Business Corporation Law § 630 does not apply to foreign corporations, defendants' motion to dismiss the claims brought pursuant to that statute must be granted.

Accordingly,* it is ordered that the motion to dismiss is granted; and it is further ordered that the complaint is hereby dismissed against defendants William J. McNeary III, William J. McNeary IV and Jamie Jayko.

---

* The court has examined plaintiff's remaining arguments and finds them unavailing or unnecessary to the disposition of the instant application.