■ CHRISTINE M. STUTO, Appellant, v GREGORY G. KERBER et al., Defendants, and WILLIAM J. McNEARY III et al., Respondents. [910 NYS2d 215]—

Spain, J.P. Appeal from an order of the Supreme Court (Platkin, J.), entered October 21, 2009 in Albany County, which, among other things, granted a motion by defendants William J. McNeary III, Jamie Jayko and William J. McNeary IV to dismiss the complaint against them.

Plaintiff worked for defendant Wurld Media, Inc.—a now defunct closely-held foreign corporation incorporated in Delaware—beginning in 2005 and continuing beyond 2006 even after Wurld Media ceased to pay her. In February 2009, plaintiff obtained a judgment in Supreme Court, Albany County against Wurld Media in the amount of $99,918.38 based on a claim for unpaid wages. Thereafter, plaintiff commenced the instant action against, among others, defendants William J. McNeary III, Jamie Jayko and William J. McNeary IV (hereinafter collectively referred to as defendants) for unpaid wages pursuant to Business Corporation Law § 630, based upon their alleged status as 3 of the 10 largest shareholders of Wurld Media. Defendants moved to dismiss the complaint, and Supreme Court granted

defendants' motion, holding that Business Corporation Law § 630 did not apply to foreign corporations. Plaintiff now appeals.

Business Corporation Law § 630 is essentially the reenactment of former Stock Corporation Law § 71 and provides that "[t]he [10] largest shareholders" of a nonpublicly traded company "shall jointly and severally be personally liable for all debts, wages or salaries due and owing to any of its laborers, servants or employees other than contractors, for services performed by them for such corporation."\* Prior to the enactment of the Business Corporation Law, decisional law held that former Stock Corporation Law § 71 did not apply to foreign corporations (*see Armstrong v Dyer*, 268 NY 671, 672 [1935]; *Bogardus v Fitzpatrick*, 139 Misc 533, 534 [1931]). "It is well settled that the legislative history of a particular enactment must be reviewed in light of the existing decisional law which the Legislature is presumed to be familiar with and to the extent it left it unchanged, that it accepted" (*Matter of Knight-Ridder Broadcasting v Greenberg*, 70 NY2d 151, 157 [1987] [citations omitted]). Under the former Stock Corporation Law, the term "stock corporation" referred specifically to domestic corporations (*see Reconstruction Fin. Corp. v Eastern Terra Cotta Realty Corp.*, 266 App Div 148, 149 [1943], *lv denied* 266 App Div 857 [1943]). Similarly, under the Business Corporation Law, the term "[c]orporation" refers to domestic corporations (*see* Business Corporation Law § 102 [a] [4]) and "[f]oreign corporation" has its own separate definition (*see* Business Corporation Law § 102 [a] [7]).

While Business Corporation Law § 103 (a) provides that the Business Corporation Law "applies to every domestic corporation and to every foreign corporation" doing business in New York, the applicability of the Business Corporation Law to foreign corporations is refined in article 13, which comprehensively regulates the conduct of foreign corporations in the state, providing, among other things, for their authorization (*see* Business Corporation Law § 1301 *et seq.*) and termination (*see* Business Corporation Law § 1311) and for actions by and against them (*see* Business Corporation Law §§ 1312, 1313, 1314). Furthermore, article 13 also defines the scope of application of other provisions of the Business Corporation Law to foreign

---

\* Former Stock Corporation Law § 71 (repealed in 1963 upon the enactment of the Business Corporation Law) provided that "[t]he stockholders of every stock corporation shall jointly and severally be personally liable for all debts due and owing to any of its laborers, servants or employees other than contractors, for services performed by them for such corporation."

corporations (*see* Business Corporation Law §§ 1319, 1320). Business Corporation Law § 1319 (a) provides that articles 1, 3 and 13 and a number of specific provisions contained in articles 6, 7, 8 and 9 "shall apply to a foreign corporation doing business in this state, its directors, officers and shareholders." Significantly, while three specific sections of article 6 are listed in Business Corporation Law § 1319 (a) as being applicable to foreign corporations, Business Corporation Law § 630 is not listed, and those provisions denominated as having application to foreign corporations expressly or impliedly use the term "foreign corporation" (*see e.g.* Business Corporation Law arts 1, 3; §§ 623, 626, 627, 808, 907; *see also* Business Corporation Law § 1319 [a]).

While plaintiff asserts that Business Corporation Law § 1320 exempts certain provisions of the Business Corporation Law from application to foreign corporations but does not exempt Business Corporation Law § 630, section 1320 only discusses specific circumstances under which particular sections of article 13 shall not apply to foreign corporations (*see* Business Corporation Law § 1320), and it does not purport to cover the Business Corporation Law in its entirety or describe each section that does not apply to foreign corporations. Section 1320 is specifically necessary to define the inapplicability of the provisions of article 13, as Business Corporation Law § 1319 (a) provides that article 13, generally, applies to foreign corporations. Plaintiff's suggested interpretation would make applicable to foreign corporations all those provisions of the Business Corporation Law not excluded by section 1320, rendering section 1319 mere surplusage.

We further reject plaintiff's contention that, despite the fact that Business Corporation Law § 102 (a) (4) provides that the terms "[c]orporation" and "domestic corporation" are to be read synonymously, the use of the term "corporation" in Business Corporation Law § 630 should be read to include foreign corporations because the statute is remedial and should be broadly construed. While section 630 does appear to be remedial in nature (*see Planned Consumer Mktg. v Coats & Clark*, 71 NY2d 442, 451 [1988]; *Sasso v Vachris*, 66 NY2d 28, 33 [1985]), even a remedial provision cannot be construed "beyond the clearly expressed provisions of the act" (*Miller v Town of Irondequoit*, 243 App Div 240, 242 [1935] [internal quotation marks and citations omitted], *affd* 268 NY 578 [1935]; *see Leppard v O'Brien*, 225 App Div 162, 164 [1929], *affd* 252 NY 563 [1929], *overruled in part by Payne v Payne*, 28 NY2d 399 [1971]). Accordingly, we conclude that Business Corporation Law § 630

does not apply to foreign corporations, and Supreme Court properly dismissed the complaint against defendants.

We have considered plaintiff's remaining contentions and find them unavailing.

Lahtinen, Kavanagh, Stein and Garry, JJ., concur. Ordered that the order is affirmed, with costs. **[Prior Case History: 26 Misc 3d 535.]**