■ HELGA INGVARSDOTTIR, Respondent, v GAINES, GRUNER, PONZINI & NOVICK, LLP, et al., Defendants/Third-Party Plaintiffs-Appellants, et al., Defendants. JONATHAN R. PEARSON, Third-Party Defendant-Respondent. [43 NYS3d 68]—

In an action to recover damages for legal malpractice, the defendants/third-party plaintiffs appeal (1) from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), dated April 3, 2015, as denied their motion pursuant to CPLR 3211 (a) to dismiss the complaint, and (2) from so much

of an order of the same court dated September 18, 2015, as, in effect, upon reargument, adhered to its original determination in the order dated April 3, 2015, denying their motion to dismiss the complaint, and granted the third-party defendant's motion to dismiss the third-party complaint.

Ordered that the appeal from the order dated April 3, 2015, is dismissed, as the portion of the order appealed from was superseded by the order dated September 18, 2015, made, in effect, upon reargument; and it is further,

Ordered that the order dated September 18, 2015, is modified, on the law, by deleting the provision thereof, in effect, upon reargument, adhering to the original determination in the order dated April 3, 2015, denying the motion of the defendants/third-party plaintiffs to dismiss the complaint, and substituting therefor a provision, upon reargument, vacating the determination in the order dated April 3, 2015, which denied the motion of the defendants/third-party plaintiffs to dismiss the complaint and thereupon granting that motion; as so modified, the order dated September 18, 2015, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants/third-party plaintiffs payable by the plaintiff.

On May 19, 2011, the plaintiff retained the defendants/third-party plaintiffs (hereinafter the law firm parties) to defend her in a civil action in which she was named as a defendant with her former employer, nonparty Datalink Computer Products, Inc. (hereinafter Datalink), and the president and sole shareholder of Datalink, nonparty Vickram Bedi. The plaintiff, a native of Iceland, allegedly worked as an employee of Datalink in the United States while on two H-1B nonimmigrant visas issued for the period of May 20, 2005, until May 15, 2011. The plaintiff informed the law firm parties that Datalink did not pay her any wages or a salary for her services, and they subsequently asserted a cross claim on her behalf in the civil action pursuant to Business Corporation Law § 630 (a) against Datalink and Bedi to recover unpaid wages. On May 3, 2014, the plaintiff commenced this action against the law firm parties to recover damages for legal malpractice alleging, among other things, that they had mistakenly asserted in her cross claim for unpaid wages that her employment with Datalink had ended in 2009, when it had actually ended on a later date, and that they had failed to timely provide notice to Bedi that she intended to recover unpaid wages from him as required by Business Corporation Law § 630 (a). Thereafter, the law firm parties commenced a third-party action against

the attorney who represented the plaintiff in connection with certain immigration matters both before and during the period that they represented her in the civil action. The third-party complaint alleged that the law firm parties were entitled to common-law indemnification or contribution from the third-party defendant if they were held liable for legal malpractice to the plaintiff because the third-party defendant was involved in the drafting of the plaintiff's cross claim for unpaid wages against Bedi and Datalink, and owed a duty to her to provide notice to Bedi on her behalf pursuant to Business Corporation Law § 630 (a).

In September 2014, the law firm parties moved pursuant to CPLR 3211 (a) to dismiss the complaint, alleging that they could not be held liable for legal malpractice because the period in which the plaintiff was required to provide notice to Bedi pursuant to Business Corporation Law § 630 (a) had expired before the plaintiff retained their services. The Supreme Court, inter alia, denied their motion. Thereafter, they moved for leave to reargue their motion. The third-party defendant moved pursuant to CPLR 3211 (a) to dismiss the third-party complaint on the ground that two written retainer agreements between the plaintiff and the third-party defendant expressly limited the scope of his representation of the plaintiff to issues of immigration and a claim before the United States Department of Labor (hereinafter the Department of Labor). The Supreme Court, in effect, upon reargument, adhered to its original determination in the order dated April 3, 2015, denying the motion of the law firm parties to dismiss the complaint, and granted the third-party defendant's motion to dismiss the third-party complaint. The law firm parties appeal.

Upon reargument, the Supreme Court erred in denying that branch of the motion of the law firm parties which was to dismiss the complaint pursuant to CPLR 3211 (a) (7). On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]). "To state a cause of action to recover damages for legal malpractice, a [party] must allege: (1) that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession'; and (2) that the attorney's breach of the duty proximately caused the [party]

actual and ascertainable damages" (*Dempster v Liotti*, 86 AD3d 169, 176 [2011], quoting *Leder v Spiegel*, 9 NY3d 836, 837 [2007]; *see Lieberman v Green*, 139 AD3d 815 [2016]).

Here, the plaintiff alleged in paragraph 51 of her complaint that she actually worked for Datalink and Bedi until November 4, 2010. Business Corporation Law § 630 (a) requires that for any employee to assert a claim to, in effect, pierce the corporate veil and hold a shareholder of a corporation responsible for the "debts, wages or salaries due and owing to any of its . . . employees," written notice of claim must be given to the shareholder within 180 days "after termination of [the employee's] services" (Business Corporation Law § 630 [a]; *see Stuto v Kerber*, 26 Misc 3d 535, 537 [Sup Ct, Albany County 2009], *affd* 77 AD3d 1233 [2010], *affd* 18 NY3d 909 [2012]). Therefore, the plaintiff was obligated to provide her Business Corporation Law § 630 (a) notice to Bedi not later than May 4, 2011. A party's failure to comply with the notice requirement of Business Corporation Law § 630 (a) precludes an action against the shareholder (*see Beam v Key Venture Capital Corp.*, 152 AD2d 825 [1989]; *Pope v Halloran*, 76 AD2d 770 [1980]). Since the complaint also alleges that the law firm parties were retained to represent her in the civil action on May 19, 2011, the complaint fails as a matter of law to state a cause of action to recover damages for legal malpractice, as the 180-day notice period of Business Corporation Law § 630 (a) had already expired by the time the attorney-client relationship was formed.

The plaintiff contends that the 180-day notice period under Business Corporation Law § 630 (a) did not begin to run until May 15, 2011, the date on which the Department of Labor found, in a separate proceeding, that the plaintiff's "termination" from employment was co-extensive with the expiration of her H-1B visa (*see* 8 USC §§ 1101 [a] [15] [H] [i] [b]; 1182 [n] [1]; 20 CFR 655.731 [c] [7]). Allegations are dispersed throughout the complaint that the plaintiff was employed by Datalink and Bedi until May 15, 2011. The Supreme Court, in effect, upon reargument, denied the motion to dismiss of the law firm parties on the ground that they did not address the "interaction" between the language of Business Corporation Law § 630 (a) that wages are due employees for "services performed by them" until the "termination of such services" (i.e., November 4, 2010), and the language of 8 USC § 1101 (a) (15) (H) (i) (b) that visa employees are entitled to wages until, inter alia, the expiration of the plaintiff's visa (i.e., May 15, 2011). In our view, there is no "interaction" between the language of the

state and federal statutes. 8 USC § 1182, entitled "Inadmissible aliens," designates those aliens who are eligible and ineligible to receive visas. The clear purpose of section 1182 (n) (1) (A) (i) is to allow employers, upon application to the Secretary of Labor, to employ foreign workers who meet specific requirements for H-1B visa status and to pay them either the actual wage paid to all other individuals with similar experience or the prevailing wage for the particular occupation, whichever is greater (*see* 8 USC § 1182 [n] [1] [A] [i]). By contrast, Business Corporation Law § 630, a state statute wholly unrelated to immigration and visa issues, allows corporate employees who give notice within a specified time period to seek recovery of unpaid wages from individual shareholders of a domestic corporation, but only for services actually performed by the employee until the date the actual services ceased (*see* Business Corporation Law § 630 [a]; *Stuto v Kerber*, 18 NY3d 909 [2012]). The cessation of employee services may be accomplished in a variety of ways such as by the termination of the employment of the employee, the resignation of the employee or, as under the unique circumstances of this case, the arrest of the plaintiff and Bedi on November 4, 2010, on charges of grand larceny in the first degree in regard to thefts from a Datalink client. Work services may cease at the same time as an employment termination or, as in this case, at a different time. While the federal visa statutes properly controlled the proceeding before the Department of Labor, including their own unique definition of employment terminations, the matter before the Supreme Court involved only Business Corporation Law § 630, a state statute which defines the time frame during which wages are due an employee and the measurement of the 180-day notice period to corporate shareholders. In this case, the operative date under Business Corporation Law § 630 (a) is November 4, 2010, the date on which the plaintiff ceased providing "services" to Datalink, as distinguished from any visa-related "termination" or federally-deemed termination of the employment relationship as of May 15, 2011 (*see Grossman v Sendor*, 89 Misc 2d 952 [Sup Ct, NY County 1977], *mod* 64 AD2d 561 [1978]; *Corenti v Kulik*, 36 Misc 2d 996 [Sup Ct, Albany County 1962]).

We further reject the plaintiff's argument that even if the Business Corporation Law § 630 (a) notice period is measured from November 4, 2010, the complaint states a cause of action based upon the insanity toll of CPLR 208 and the doctrine of equitable tolling. Specifically, the plaintiff argues that the mental abuse she received from Bedi was of such magnitude that she was under a psychiatric disability at the relevant

times. However, the legal malpractice complaint failed to allege sufficient facts to support a finding that the plaintiff was unable to function in society, as is required for a toll under CPLR 208 (*see Santo B. v Roman Catholic Archdiocese of N.Y.*, 51 AD3d 956 [2008]; *Simon v Bryski*, 278 AD2d 224 [2000]; *Steo v Cucuzza*, 213 AD2d 624, 625 [1995]).

Regarding the issue of equitable tolling, the complaint alleges in paragraph 92 that the law firm parties were aware of the abuse inflicted by Bedi against the plaintiff, that the law firm parties should reasonably have been alerted that the 180-day notice period under Business Corporation Law § 630 (a) was subject to equitable tolling, and that the Business Corporation Law § 630 (a) notice should therefore have been provided. While the doctrine of equitable tolling has been applied in a variety of contexts to statutes of limitations, the 180-day notice period contained in Business Corporation Law § 630 is not a statute of limitations—it is instead a condition precedent (*see Wing Wong v King Sun Yee*, 262 AD2d 254, 255 [1999]) similar to the notice of claim requirement of General Municipal Law § 50-e and mortgage default notices under Real Property Actions and Proceedings Law § 1304. This Court has held that conditions precedent are not subject to timeliness tolls (*see Kahn v Trans World Airlines*, 82 AD2d 696, 709 [1981]; *cf. Matter of Pipitone v City of New York*, 38 AD3d 557, 558 [2007]). The plaintiff has cited no authority for her assertion that equitable tolling should apply to the 180-day notice period contained in Business Corporation Law § 630, and we decline to apply that doctrine here.

Accordingly, the Supreme Court should have granted that branch of the motion of the law firm parties which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. We need not address the branch of the motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) on the ground of documentary evidence.

In light of our determination, the parties' remaining contentions regarding the dismissal of the third-party action have been rendered academic. Dillon, J.P., Dickerson, Duffy and Connolly, JJ., concur.

Motion by the plaintiff, inter alia, to dismiss an appeal from an order of the Supreme Court, Westchester County, dated September 18, 2015, on the ground that no appeal lies from an order denying a motion for leave to reargue. By decision and order on motion of this Court dated December 23, 2015, that

branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission of the appeals.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeals, it is,

Ordered that the motion to dismiss the appeal from the order dated September 18, 2015, is denied. Dillon, J.P., Dickerson, Duffy and Connolly, JJ., concur.