Alex Paonessa, Respondent,
against
Americore Drilling & Cutting, Inc. and Lou Neos, Sr., Appellants.




Law Office of Marc M. Isaac, PLLC (Marc M. Isaac, Esq.), for appellants.
Alex Paonessa, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Richmond County (Lizette Colon, J.), entered August 20, 2015. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,400.




ORDERED that the judgment is reversed, without costs, so much of the action as is against defendant Lou Neos, Sr. is dismissed, and the matter is remitted to the Civil Court for a new trial of so much of the action as is against defendant Americore Drilling & Cutting, Inc.
Plaintiff, who was previously employed by defendant Americore Drilling & Cutting, Inc. (Americore), alleges that money was wrongfully withheld from his paychecks, and on that basis seeks in this small claims action to recover the principal sum of $2,600. At a nonjury trial, plaintiff testified that he had been employed by Americore, rather than by Americore's owner, defendant Lou Neos, Sr. Plaintiff introduced into evidence a pay stub which demonstrated that, during 2014, Americore had deducted a total of $2,437.48 from his paychecks, and testified that he had been told that the deductions had been made to cover parking tickets that had been issued for his illegal parking of defendant's vehicles, but that he had never been shown the tickets or provided with a statement of the amount that he owed. Defendants' witness, the vice-president of Americore, testified that, while driving Americore's vehicles, plaintiff had received, but had failed to inform defendants of, numerous parking tickets, and that defendants had only learned of the tickets when they arrived in the mail. Defendants' witness introduced into evidence, among [*2]other items, plaintiff's two written acknowledgments of debts to Americore: one, dated September 11, 2013, in which plaintiff agreed that he owed Americore $645, to be paid in $20 deductions from his weekly paychecks; and one, dated December 5, 2013, in which plaintiff agreed that he owed Americore $1,978.46, to be paid in $50 deductions from his weekly paychecks. Following the trial, the Civil Court awarded judgment to plaintiff in the principal sum of $2,400 as against both defendants.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Plaintiff seeks to recover salary withheld by his employer, the corporate defendant, and not by the corporation's owner individually, and no basis was shown for imputing liability to the individual defendant (see Battle v Smith, 35 Misc 3d 126[A], 2012 NY Slip Op 50566[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). The Civil Court, as a court of limited jurisdiction, lacks jurisdiction to grant the equitable relief of "piercing the corporate veil" (see id.), and plaintiff failed to establish his entitlement to judgment against the individual defendant under Business Corporation Law § 630 (see Ingvarsdottir v Gaines, Gruner, Ponzini & Novick, LLP, 144 AD3d 1099, 1102 [2016]). We therefore conclude that so much of the action as is against defendant Lou Neos, Sr. should have been dismissed.
Since the evidence showed that, in 2013, plaintiff had acknowledged debts to Americore of $645 and $1,978.46, as well as Americore's entitlement to deduct those sums from plaintiff's paychecks, it cannot be determined whether the judgment rendered substantial justice between the parties (see CCA 1804, 1807). A new trial is therefore required, at which Americore will be afforded the opportunity to establish the amount of money plaintiff owed to it, and plaintiff will be afforded the opportunity to demonstrate how much of such debt he repaid, and the amount of salary, if any, Americore wrongfully withheld from his paychecks.
We reach no other issue.
Accordingly, the judgment is reversed, so much of the action as is against defendant Lou Neos, Sr. is dismissed, and the matter is remitted to the Civil Court for a new trial of so much of the action as is against defendant Americore Drilling & Cutting, Inc. 
ELLIOT, J.P., PESCE and SOLOMON, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 29, 2017